IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| vs. | § | Cv. No. 11-1269-JDB-egb |
| | § | Cr. No. 08-10120-JDB |
| CRYSTAL C. MOORE, | § | |
| Defendant. | § | |

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
AND
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

On August 25, 2011, Defendant, Crystal C. Moore, Bureau of Prisons ("BOP") registration number 22904-076, an inmate at the Federal Correctional Institution ("FCI") in Tallahassee, Florida, filed a motion under 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.) On September 6, 2011, the Court directed the United States to respond to the motion, which it did on October 20, 2013. (D.E. 2, 3.)

On February 3, 2010, Moore pled guilty to one count of conspiracy to possess and distribute and distribution of over fifty grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (2). (Criminal ("Cr.") D.E. 135.) Defendant waived her right to appeal her sentence under the terms of a written plea agreement. (Cr. D.E. 136 at 3.) On June 3, 2010, the Court conducted a sentencing hearing. (Cr. D.E. 178.) Moore's applicable advisory guidelines range was 120 to 135 months of imprisonment. (Id.) The

United States made a substantial assistance motion on Defendant's behalf, which this Court granted, departed downward from the advisory guideline range, and sentenced Moore to seventy months in prison. (Id.) The Court's judgment was entered on June 4, 2010. (Cr. D.E. 179.) On August 29 and November 23, 2011, Defendant filed motions for sentence reductions pursuant to 18 U.S.C. § 3582(c)(2), which the Court denied on February 21, 2013, (Cr. D.E. 214 and 222, 253).

On August 25, 2011, Moore filed this § 2255 motion, contending that she should be resentenced based on The Fair Sentencing Act ("FSA") of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (August 3, 2010), which reduced the sentencing disparity between crack cocaine and powder cocaine offenses from 100:1 to 18:1. (D.E. 1.) The United States responded that Defendant's motion was untimely and sought to raise an issue that was noncognizable and lacking in merit. (D.E. 3 at 3.)

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, *inter alia*, at 28 U.S.C. § 2244 *et seq.*)("AEDPA") amended 28 U.S.C. §§ 2244(b) and 2255 to limit a defendant to his direct appeal and one collateral attack, filed within one year of the date his conviction was final. Because this motion was filed after April 24, 1996, the AEDPA is applicable. *See* Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). Paragraph (f) of 28 U.S.C. § 2255 provides:

2

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"As a general matter, a conviction becomes final for purposes of collateral attack at the conclusion of direct review." United States v. Cottage, 307 F.3d 494, 498 (6th Cir. 2002), *reh'g denied* (Oct. 30, 2002). Where, as here, a defendant does not take a direct appeal, "an unappealed district court judgment of conviction becomes 'final' ten days after the entry of judgment, at least where the defendant has not actually sought an extension of appeal time for good cause or excusable neglect."[1] In this case, the judgment was entered on June 4, 2010, and Moore's conviction became

---

[1] Sanchez-Castellano v. United States, 358 F.3d 424 (6th Cir. 2004); *see also* Benitez v. United States, 521 F.3d 625, 629-30, 636 (6th Cir. 2008)(applying Sanchez-Castellano and holding that § 2255 motion filed two days late was untimely unless movant is entitled to equitable tolling); United States v. Cottage, 307 F.3d 494, 499 (6th Cir. 2002)("when a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final either on the date that the judgment was entered or on the date on which the time for filing such appeal expired;" describing the latter as the "majority view")(internal citations omitted), *reh'g denied* (Oct. 30, 2002); Chandler v. United States, 22 F. App'x 399, 400 (6th Cir. 2001)(§ 2255 limitations period commences running when time for filing a direct appeal has elapsed).

final on June 14, 2010, the last day for filing a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i). The § 2255 limitations period commenced running on that date, and expired one year later, on June 14, 2011. Moore's motion was signed on August 18, 2011 (D.E. 1 at 13), and, thus, is time barred.

"[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." Keenan v. Bagley, 400 F.3d 417, 421 (6th Cir. 2005)(internal quotation marks omitted), *abrogated on other grounds as recognized in* Johnson v. United States, 457 F. App'x 462, 470 (6th Cir. 2012). The § 2255 limitations period is subject to equitable tolling. Hargrove v. Brigano, 300 F.3d 717, 719 (6th Cir. 2002). "[T]he doctrine of equitable tolling is used sparingly by the federal courts." Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010); *see also* Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003)(same), *reh'g denied* (Nov. 25, 2003); Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003)(same). "The party seeking equitable tolling bears the burden of proving he is entitled to it." Robertson, 624 F.3d at 784. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125

4

S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005), *reh'g denied* (June 20, 2005)).[2]

Moore has not detailed in her motion any circumstances that qualify for the application of equitable tolling. She apparently believes her circumstances qualify for one of the exceptions provided by 28 U.S.C. § 2255. At the time Moore was sentenced, she faced a mandatory ten year minimum term under 21 U.S.C. § 841, because her offense involved over fifty grams of crack cocaine. On August 3, 2010, the President signed into law the FSA, which raised the triggering amounts of crack cocaine for mandatory-minimum sentences such that if the inmate were sentenced today, the mandatory minimum sentence would be sixty months in prison. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010); 21 U.S.C. § 841(b)(1)(B). Conforming amendments to the Guidelines became effective initially on November 1, 2010, and "[a] permanent version of those Guidelines amendments took effect on November 1, 2011." Dorsey v. United States, ___ U.S. ___, 132 S. Ct. 2321, 2329, 183 L. Ed. 2d 250 (2012). Moore cites November 1, 2011, as the date she became entitled to relief under the FSA.

The FSA does not apply retroactively to defendants who were sentenced prior to August 3, 2010. Defendant was sentenced on June 2, 2010, and waived her right to appeal. In the case of new

---

[2] Previously, the Sixth Circuit analyzed five factors to determine the appropriateness of equitable tolling. *See e.g.*, Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001), *reh'g denied* (May 30, 2001). The Sixth Circuit has held that the standard stated in Holland v. Florida supersedes the previous test. Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 749-50 (6th Cir. 2011), *cert. denied sub nom.* Hall v. Brunsman, ___ U.S. ___, ___, 133 S. Ct. 187, 184, 184 L. Ed. 2d 95 (2012).

statutory penalties, the general savings statute, 1 U.S.C. § 109, requires application of the penalties in place at the time the offender "commits the underlying conduct that makes the offender liable," unless the new penalties expressly or impliedly provide for their retroactive application. Dorsey, ___ U.S. at ___, 132 S. Ct. at 2331-32. Although the FSA does not contain an express retroactivity statement, the United States Supreme Court in Dorsey v. United States determined that Congress intended some retroactive application of the FSA. Id at 2335. Dorsey held that the FSA's more lenient mandatory-minimum provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but who were sentenced after that date. Id. The decision did not, however, extend the benefits of the FSA to offenders who were sentenced prior to August 3, 2010. In fact, the Court explained that the normal practice in federal sentencing is "to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." Id.

Moore has not identified any precedent that leads the Court to conclude that Congress intended the FSA to apply to defendants sentenced before its enactment. She is not entitled to relief. Therefore, Defendant's motion is DENIED and DISMISSED. Judgment shall be entered for the United States.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a

6

constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394, 77 L. Ed. 2d 1090 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484, 120 S. Ct. at 1603-04 (quoting Barefoot, 463 U.S. at 893 & n.4, 103 S. Ct. at 3394).

The Supreme Court has cautioned against undue limitations on the issuance of COAs:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "has already failed in that endeavor."

Miller-El v. Cockrell, 537 U.S. 322, 337, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003)(quoting Barefoot, 463 U.S. at 893 n.4, 103 S. Ct. at 3394). Thus,

> [a] prisoner seeking a COA must prove "something more than the absence of frivolity" or the existence of mere "good faith" on his or her part. We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338, 123 S. Ct. at 1040 (quoting Barefoot, 463 U.S. at 893, 103 S. Ct. at 3394); see also id. at 342, 123 S. Ct. at 1042 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[3]

In this case, for the reasons previously stated, the issue raised by Defendant is time barred and without merit and she cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). Kincade, 117 F.3d at 952. Rule

---

[3] The Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Miller-El, 537 U.S. at 337, 123 S. Ct. at 1039. Instead, the COA requirement implements a system of "differential treatment for those appeals deserving of attention from those that plainly do not." Id., 123 S. Ct. at 1040.

24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file her motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons it denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED. If Defendant files a notice of appeal, she must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.

IT IS SO ORDERED this 23rd day of October, 2013.

                              s/ J. DANIEL BREEN
                              CHIEF UNITED STATES DISTRICT JUDGE